NOT FOR PUBLICATION                                                                    **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

STEVIE BUCKUSE,                              :

                            Petitioner,             :               Civil Action No. 14-0296 (SRC)

                                v.                        :

UNITED STATES OF AMERICA,              :               **MEMORANDUM  OPINION**

                        Respondent.              :

_____

**CHESLER, District Judge:**

This matter comes before the Court upon Petitioner's amended § 2255 motion.  See ECF No. 3.[1]  Petitioner "was charged with one count of conspiracy to distribute at least 50 grams of crack, in violation of 21 U.S.C. § 846, and two counts of distributing crack, in violation of 21 U.S.C. § 841.  Each count carried a mandatory minimum sentence of 10 years' imprisonment. . . .  After a three-day trial, the jury returned a guilty verdict on all three counts.  [This] Court sentenced [Petitioner] to 10 years' imprisonment on each count, to be served concurrently."  United States v. Buckuse, USCA No. 11-3594, at 3-5 (July 9, 2012).  Petitioner appealed, and the Court of Appeals "affirm[ed] the final judgment of conviction and sentence imposed by [this] Court."  Id. at 8.  On January 7, 2013, the United States Supreme Court denied Petitioner's application for certiorari.  See Buckuse v. United States, 133 S. Ct. 903 (2013).  On January 10,

_____

[1] After Petitioner filed his original § 2255 motion, see ECF No. 1, this Court directed the Clerk to serve Petitioner with a new § 2255 form (titled "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)") that informed Petitioner of his rights under United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) (requiring district courts to issue a notice in response to a pro se petitioner's post-conviction motion regarding the effect of such a pleading).  See ECF No. 2 and ECF dated Apr. 23, 2014.  Petitioner's instant all-inclusive § 2255 motion followed.  See ECF No. 3.

2014, the Clerk received Petitioner's original § 2255 motion dated January 6, 2014. See ECF

No. 1, at 6. The original motion was superseded by the amended motion at bar, which states that

"[t]he sole issue presented in the instant motion became available only due to the United States

Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013)." ECF No.

3, at 11. Elaborating on that claim, Petitioner asserts that this "Court infringed on [Petitioner's]

Sixth Amendment right to a jury trial by imposing a mandatory minimum sentence of ten years."

Id. at 5.

> According to the Third Circuit,
>
> "Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000): in
> Apprendi, the Court held that . . . , 'other than the fact of a prior conviction, any fact that
> increases the penalty for a crime beyond the prescribed statutory maximum must be
> submitted to a jury . . . ,' Apprendi, 530 U.S. at 490, [while] in Alleyne, the Court held
> that the same rule applies also to 'facts that increase mandatory minimum sentences,'
> Alleyne, 133 S. Ct. at 2163.

Sacksith v. Warden Canaan USP, 552 F. App'x 108, 108 (3d Cir. 2014) (brackets omitted).[2]

Alleyne has not been made retroactive to cases on collateral review, § 2255 proceedings

included. See United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014). Petitioner's

reliance on Alleyne in this § 2255 action is therefore wholly misplaced. Moreover, since

Petitioner was never charged with "brandishing" a firearm, under § 924(c)(1)(A)(ii), and his

sentence was never enhanced by this Court, the facts of his conviction are inapposite to Alleyne.

> Therefore, his motion will be denied, and no certificate of appealability will issue.[3] An

appropriate Order follows.

---

[2]  In Alleyne, the Supreme Court addressed a sentence enhancement based on the defendant's act
of "brandishing" a firearm during a crime of violence, under § 924(c)(1)(A)(ii). See United
States v. Askew, 2014 U.S. App. LEXIS 8075, at *1 (3d Cir. Apr. 29, 2014) (detailing Alleyne).

[3]  A certificate of appealability may issue "only if the applicant has made a substantial showing
of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this
standard by demonstrating that jurists of reason could disagree with the district court's resolution

                                        s/ Stanley R. Chesler
                                   **STANLEY R. CHESLER,**
                                   **United States District Judge**

Dated: June 10th, 2014

---

of his constitutional claims or that jurists could conclude the issues presented are adequate to
deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)
(citation omitted).  This Court is persuaded that jurists of reason would not disagree with this
Court's finding that Petitioner's Allene-based challenges are without merit.